**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHERI BOND,

       Plaintiff,                        CASE NO. 06-15072
                                          HON. LAWRENCE P. ZATKOFF

v.

ECOLAB, INC., a Minnesota Corporation,
and METROPOLITAN LIFE INSURANCE
COMPANY, a New York Company,
jointly and severally,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court upon Plaintiff's Motion to Strike Defendants' Answer to and Enter a Default pursuant to FED. R. CIV. P. 8(b) and 55(b)(2). *See* Docket # 11. Defendants filed their response on January 9, 2007, and Plaintiff has since responded. The Court finds that Defendants' answers to Plaintiff's complaint are adequate and Plaintiff's motion is, therefore, DENIED.

Plaintiff argues that Defendants' answers to paragraphs 14 and 15 of her complaint were inadequate to deny Plaintiff's allegations that her husband's death was accidental. As a result, Plaintiff argues, pursuant to Rule 8(d), Defendants' have admitted these allegations and, therefore, have effectively failed to defend this action. Thus, Plaintiff concludes, the Court should enter a default according to Rule 55(a). The Court disagrees with Plaintiff's assessment of Defendants' answers.

In paragraph 14 of her complaint, Plaintiff states: "An autopsy was conducted by the Oakland County Medical Examiner pursuant to MCL 333.2844 and death was ruled accidental."

Pl.'s Compl. ¶ 14. Likewise in paragraph 15, Plaintiff states: "Based upon the autopsy results, a death certificate was prepared in compliance with MCL 331.2841 and MCL 333.2843 which concluded that the decedent's deat [sic] was accidental in nature." *Id.* ¶ 15.

In their answer to paragraph 14, Defendants state:

> In response to Paragraph 14 of the Complaint, Defendants refer specifically to the autopsy conducted by the Oakland County Medical Examiner and further aver that any findings or conclusions by such Medical Examiner are not binding upon Defendant MetLife.

Defs.' Ans. ¶ 14. Similarly, in response to paragraph 15, Defendants state:

> In response to Paragraph 15 of the Complaint, Defendants refer specifically to the death certificate referred to in the Complaint and further aver that any findings, conclusions or statements on such death certificate are not binding upon Defendant MetLife.

*Id.* ¶ 15.

The federal pleading rules are meant to be construed liberally in order to do substantial justice. *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1261 (3d ed. 2004); FED. R. CIV. P. 8(f). In light of this policy, denials of allegations in an answer to a complaint will be effective as denials "as long as the answer gives reasonable notice of those allegations sought to be put in issue." 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1261. In construing denials, the Court should keep in mind that the liberal pleading philosophy of Rule 8(f) is the paramount consideration. *See id.*

In the present case, Defendants' answers to paragraphs 14 and 15 indicate that Defendants seek to put the accidental nature of Plaintiff's husband's death in issue. While Defendants did not specifically state that these allegations were "denied," the Rules make clear that "no technical forms of pleading ... are required." FED. R. CIV. P. 8(e)(1). Here Defendants plainly state that they are not

bound by the findings in the medical examiner's report or the death certificate. This was sufficient to put Plaintiff on notice of Defendants' belief that these findings do not control the determination of whether coverage under the insurance policy in question exists. In other words, Defendants deny that Mr. Bond's death was accidental for the purpose of construing the scope of his insurance coverage. The Court concludes that Defendants' answers were sufficient denials of Plaintiff's allegations and should not be deemed admitted. Accordingly,

IT IS ORDERED that Plaintiff's motion is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 31, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290